OPINION
Appellant Frank Jefferson, the alleged father of Jeffrey Rollison (hereinafter "Jeffrey"), appeals the May 5, 1999 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, which awarded permanent custody of Jeffrey to the Stark County Department of Human Services. Appellee is the Stark County Department of Human Services (hereinafter "SCDHS").
 STATEMENT OF THE CASE AND FACTS
Jeffrey Rollison was born November 10, 1998. At birth, both Jeffrey and his mother, Cynthia Rollision, tested positive for cocaine. Because Jeffrey was suffering from a number of physical problems, including severe cocaine withdrawal, he was placed in the intensive care unit just after he was born. SCDHS filed a complaint under Case No. JU104768, alleging Jeffrey was an abused or neglected child and sought permanent custody of the infant. On November 11, 1998, the trial court held an emergency shelter care hearing. Ms. Rollison appeared and stipulated there was probable cause for removal of the infant from her custody. Appellant was personally notified of the emergency shelter care hearing but failed to appear. Appellant did appear at a December 10, 1998 adjudicatory hearing. At that time, Janice Fein, a SCDHS social worker, referred appellant to the Child Support Enforcement Agency so appellant could establish paternity of Jeffrey. The trial court continued the matter for a January 21, 1999 trial. Appellant did not appear at the January 21, 1999 trial; at that time appellant was incarcerated at the Stark County Jail. The trial court continued the trial to January 28, 1999, but was unable to complete the hearing at that time. Because the trial court was unable to adjudicate the child within the statutory ninety day period, the case was dismissed. On January 27, 1999, SCDHS filed a second complaint, which again alleged Jeffrey was a neglected or abused child and sought permanent custody of the infant. At the emergency shelter care hearing, held January 28, 1999, all parties stipulated there was probable cause for the removal of the child from Ms. Rollision. The trial court granted temporary custody of Jeffrey to SCDHS. After an initial adjudicatory hearing on February 25, 1999, the matter proceeded to trial on March 29, 1999. In an April 9, 1999 Judgment Entry, the trial court found Jeffrey to be a neglected child. The permanent custody trial was started April 15, 1999, with testimony continuing on April 26, 1999. The Reverend Howard McKinley Robinson, Jr., a case manager at the Community Treatment and Correction Center (CTCC) and assistant pastor at the Antioch Baptist Church was the first to testify. Reverend Robinson explained he was appellant's case manager at CTCC, a residential treatment and correction center. Appellant had been referred to the program February 12, 1999, by his parole officer. Reverend Robinson stated appellant had completed an intensive alcohol and drug rehabilitation program and a job training program. Reverend Robinson found appellant a model participant. Appellant had no infractions or incidents during the program and was scheduled to be released June 12, 1999. Mike Beebe, appellant's parole officer, was next to testify. Mr. Beebe supervised appellant for the eight months preceding his placement in CTCC and stated he would continue to supervise appellant after his release from CTCC. Mr. Beebe testified appellant used cocaine throughout his parole (before his admission to CTCC), testing positive for cocaine on numerous occasions. Further, Mr. Beebe testified appellant had been found with a crack pipe in his possession, a violation which extended appellant's parole three months. Appellant testified next, admitting his twenty-six year history of criminal activity. In 1972, appellant was convicted of two counts of armed robbery and sentenced to one to twenty-five years in prison. After two years, he was released on parole in August of 1974. In 1977, he was convicted of aggravated burglary and grand theft and was sentenced to four to twenty-five years and two to five years, respectively. Appellant was incarcerated from 1977 to 1979, and was again released on parole. In 1980, appellant was convicted of grand theft, receiving stolen property, and forgery. For those crimes, appellant spent one year in the county jail and was granted probation from 1984 through 1988. In February of 1989, appellant was convicted of petty theft and was sentenced to thirty days in jail. In March of 1989, appellant was convicted of DUI and in January of 1990, he was convicted of theft. Appellant served three months in jail for the theft conviction. In March 1990, appellant was convicted of theft, and served six months in jail. In May 1992, appellant was again convicted of theft, spending another six months in jail. In September 1993, appellant was convicted of two counts of aggravated trafficking and sentenced to two to fifteen years. After spending just over five years in prison, appellant was released on parole. Additionally, appellant testified he had three other children out of wedlock, and had never established paternity or paid child support for those children. Further, appellant testified he had been an alcoholic since 1972, and that he had used cocaine since 1990. In a May 5, 1999 Judgment Entry, the trial court granted permanent custody of Jeffrey to SCDHS. It is from that Judgment Entry appellant prosecutes this appeal, assigning one error:
 THE TRIAL COURT'S ORDER SHOULD BE VACATED BECAUSE THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY AWARDING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF HUMAN SERVICES RATHER THAN TO THE BIOLOGICAL FATHER, FRANK JEFFERSON, WHEN SUCH ORDER WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE TO BE IN THE BEST INTERESTS OF THE CHILD.
 I
In his sole assignment of error, appellant maintains the trial court committed prejudicial error by granting permanent custody to the SCDHS rather than to him, the biological father. Appellant maintains the order was not supported by clear and convincing evidence to be in the best interest of the child. We disagree. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279. The relevant statute is R.C. 2151.41.4. That statute provides, in pertinent part:
 (B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
* * *
In determining the best interest of a child, R.C. 2151.41.4(D) states:
 (D) . . . the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
We note we find a trial court's determination of a child's best interests under this section is governed by an abuse of discretion standard. An abuse of discretion connotes more than an error of law or judgment. In order to find an abuse of discretion we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
Jeffrey had been in the custody of SCDHS since his birth and was in need of a legally secure permanent placement. Given the fact appellant was still in the process of completing his own legal and physical rehabilitation, we find no abuse of discretion. However, a best interest determination is not sufficient to grant permanent custody of a child to an agency and divest a parent of parental rights. R.C. 2151.41.4(E) governs a trial court's finding as to whether or not a child cannot or should not be placed with either parent and requires the trial court to consider all relevant evidence. It states, in relevant part: (E) In determining at a hearing held pursuant to division (A) of this section . . . whether a child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents, the court shall consider all relevant evidence. If the court determines . . . that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents:
 * * * * (2) * * * chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time, and as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section * * *
* * *
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child.
* * * *
 (8) The parent is repeatedly incarcerated and the repeated incarceration prevents the parent from providing care for the child;
* * *
(12) Any other factor the court considers relevant.
In its May 5, 1999 Findings of Fact and Conclusions of Law, incorporated by reference into the May 5, 1999 Judgment Entry, the trial court reviewed appellant's criminal history and his residence at the CTCC for the treatment of a cocaine addiction. Finding of Fact 3. The court also noted appellant was the father of six children, three of whom were born out of wedlock. Appellant admitted he had never established paternity of any of the three children born out of wedlock and had not paid child support for any of these children. Appellant further acknowledged he had received paperwork to establish paternity for Jeffrey, but as of the date of trial, appellant had not done so. The trial court was also particularly concerned with Jeffrey's health. As of the May 5, 1999 Judgment Entry, Jeffrey had been hospitalized three times for health problems related to the drug and alcohol addiction present at birth. As of the date of trial, Jeffrey was fed by a tube which pumped food directly into his stomach. In addition, Jeffrey had significant health and respiratory problems typical of cocaine addicted infants. We agree with the trial court. At the time of the Judgment Entry, appellant had spent less than three weeks in a supervised cocaine treatment program. First, he had not demonstrated an ability to live independently within the parameters of the law. Appellant's history of repeated incarceration is likely to prevent him from providing care for Jeffrey in the future. Further, he was never the primary caretaker of any infant, let alone an infant who required such specialized care. Finally, appellant had failed to establish paternity. In light of these facts, we find the trial court's decision to award permanent custody of Jeffrey to SCDHS was not against the manifest weight of the evidence and was not an abuse of discretion.
For the foregoing reasons, appellant's sole assignment of error is overruled. The May 5, 1999 Judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By: HOFFMAN, J. GWIN, P.J. and EDWARDS, J. concur.